UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTELL ANDRE GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 17-cv-04666-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; EXTENDING TIME TO COMPLETE IN FORMA PAUPERIS APPLICTION OR PAY FILING FEE**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Plaintiff, a California prisoner at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the State of California, SVSP, and two individual correctional employees.[1] Plaintiff has also filed an incomplete application to proceed in forma pauperis ("IFP"). For the reasons explained below, the complaint is dismissed with leave to amend, and Plaintiff is granted additional time to complete the IFP application.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 7.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff names four Defendants: the State of California, SVSP, Officer Von Flue, and Dr. Stiebel. He alleges that "these people wrote me up [a] bogus 115," and "did the same thing" when he was at the California Medical Facility in Vacaville. (ECF No. 5 at 3.) He also alleges that "they are suppose[d] to kill up my whole families." (*Id.*) He seeks a "settlement," to inherit his grandfather's money, and "government mansions." (*Id.*)

Plaintiff's reference to "115" presumably refers to the form number used in California prisons for writing up a prisoner who has violated prison rules. Plaintiff's allegation that the write-up was "bogus" is not sufficient to state a cognizable claim for relief under Section 1983, however, because the fact that a prisoner may have been innocent of disciplinary charges does not raise a due process issue; the Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). In addition, Plaintiff does not specify who was involved in imposing the discipline, which he must do because liability may be imposed on Defendants only if Plaintiff shows that their actions actually and proximately caused the deprivation of his federally protected rights. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation,* 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff will be given leave to amend to identify which individuals were involved in imposing discipline upon him and to allege what procedural protections guaranteed by due process were not afforded to him. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974) (listing procedural protections for prison disciplinary proceedings required by due process).

Plaintiff's allegations concerning the plan to kill his family members do not form a cognizable claim at present. Plaintiff does not state who is planning to kill them, how Plaintiff learned about these plans, when and where the plans were made or told to Plaintiff, or which

family members are being threatened. In addition, such plans --- if true --- are obviously frightening and illegal, but it is unclear how they form the basis of a civil rights claim for Plaintiff under Section 1983. To protect Plaintiff's family, Plaintiff should notify the police, prison officials, and/or the local District Attorney's Office.

Plaintiff may not sue the State of California or SVSP itself for money damages because the Eleventh Amendment prohibits suits for money damages against the state and its institutions. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the claims against these Defendants for damages are not cognizable.

Plaintiff is given the opportunity to file an amended complaint to correct the above-described deficiencies in his original complaint. The amended complaint must be filed in accordance with the instructions below.

## CONCLUSION

1. The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 17-4666 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. Plaintiff did not indicate the location of Defendants Von Flue and Dr. Seibel in his complaint. This information is required for the Marshal to be able to serve them. In his amended complaint, Plaintiff must provide the location of Defendants Von Flue, Dr. Seibel, or any other individuals he names as defendants, so that the United States Marshal may serve them.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. <u>Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).</u>

4. Plaintiff's application to proceed IFP is not complete because he has not submitted a certificate of funds signed by a prison official, nor has he submitted a copy of his trust account

3

statement showing transactions for the last six months. Within 28 days of the date this order is filed, Plaintiff must either pay the filing fee or submit the certificate of funds and trust account statement. <u>His failure to do so will result in the dismissal of this case.</u> The Clerk shall mail Plaintiff a new copy of the Court's form IFP application, instructions and return envelope.

**IT IS SO ORDERED.**

Dated: October 23, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 MONTELL ANDRE GARRETT,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

Case No. 17-cv-04666-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Montell Andre Garrett ID: #J-71937
Salinas Valley State Prison
P.O. Box 1050
D.S.H., C-6-129 Low
Soledad, CA 93960

Dated: October 23, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5